ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. ____ |
| MICHAEL FRAWLEY, | § § | 3-05CV-2105K |
| Defendant. | § § § § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 2 6 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

**COMPLAINT SEEKING RECOVERY OF OVERPAYMENT, CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF**

This is an action brought by the Verizon Employee Benefits Committee to recoup overpayments of benefits from the Verizon Enterprises Pension Plan (the "Plan") made to Defendant Michael Frawley as a result of an administrative error.

**Parties**

1. Plaintiff, the Verizon Employee Benefits Committee, is the "administrator" and "fiduciary" of the Plan as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* ERISA §§ 3(16) & 3(21), 29 U.S.C. §§ 1002(16) & (21). The Plan is an ERISA-covered pension plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). As administrator and fiduciary of the Plan, the Verizon Employee Benefits Committee has the discretionary authority to interpret the Plan, to exercise control over disbursements of assets in the Plan, and to

perform various other tasks necessary to administer the Plan. Responsibility for day-to-day administration of the Plan (including recoupment of overpayments) has been delegated by the Verizon Employee Benefits Committee to the pension administration department within the Verizon human resources department in Coppell and Irving, Texas.

2.   Defendant Michael Frawley ("Frawley") is a former participant in the Plan. He resides at 44 Port Street, Port Crane, New York 13833.

## Jurisdiction and Venue

3.   This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(a)(3) & (e)(1), and under 28 U.S.C. § 1331.

4.   Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this judicial district.

## Factual Background

5.   Defendant Frawley is a former employee of Verizon Communications Inc. and/or its subsidiaries and predecessor corporations ("Verizon").

6.   Frawley was hired by Verizon on June 1, 1975. On July 22, 2003, Frawley retired. Following his retirement from Verizon, in September 2003, Frawley received a lump sum pension distribution from the Plan in the amount of $563,982.19.

7.   Under the terms of the Plan, Frawley was entitled to receive a lump sum benefit of $324,110.09 from the Plan based on his retirement from Verizon in July of 2003.

8.   However, in September 2003, due to an administrative error, the Verizon Benefits Center mistakenly paid Frawley a lump sum benefit of $563,982.19 from the Plan. This benefit was $239,872.10 more than Frawley was entitled to receive under the

**COMPLAINT SEEKING RECOVERY OF OVERPAYMENT – Page 2**

terms of the Plan. From March 10, 1985 through June 30, 2000, Frawley was employed with RH Donnelly. During Frawley's period of service with RH Donnelly, the company was not a participating employer in any former Bell Atlantic pension plan. Consequently, during Frawley's period of service with RH Donnelly, he neither participated in, nor accrued a benefit in, any former Bell Atlantic pension plan. As a result, all of Frawley's service with RH Donnelly should have been excluded when the lump sum pension benefit under the Plan was calculated. The overpayment was based on a benefit calculation that erroneously included the period of time when Frawley was employed by RH Donnelly. Therefore, Frawley is not entitled to the full amount of the lump sum benefit that was paid to him in September of 2003.

9. After discovering the overpayment made to Frawley, Bruce W. O'Neel, an employee in Verizon's pension department, wrote to Frawley on behalf of the Verizon Employee Benefits Committee explaining the payment error and requesting that Frawley remit the overpayment to the Plan.

10. Frawley has not returned the overpaid pension funds to the Plan, nor has he indicated that he will return the overpaid funds.

11. This action seeks to recover funds paid by the Plan that are in the constructive possession and legal control of Frawley, but belong in good conscience to the Plan.

## Count I

12. Plaintiff incorporates by reference the factual allegations of paragraphs 1-11 above.

13. Pursuant to 29 U.S.C. § 1132(a)(3), plaintiff is entitled to appropriate equitable relief to enforce the terms of the Plan providing that Frawley is entitled to receive a lump sum benefit of $324,110.09, but nothing more, and to enforce the requirements of 29 U.S.C. § 1104. Plaintiff is entitled to impose a constructive trust on the overpayment of $239,872.10, wherever it may be found, and to receive equitable restitution in the same amount to recoup the assets that rightfully belong to the Plan.

14. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

(a) That the Court enter a preliminary injunction prohibiting Defendant Frawley from dissipating, transferring, pledging, spending, transferring, disposing, or encumbering the overpayment of $239,872.10, except to transfer the overpayment to the Plan or its agent, until this case can be resolved on the merits. Failure to grant such relief would result in a substantial threat that plaintiff will suffer irreparable harm.

(b) That the Court enter a judgment for plaintiff on Count I, impose a constructive trust in the amount of $239,872.10 on the funds and/or equitable liens on the accounts, funds, or real property where those funds may be traced, and grant plaintiff the remedy of equitable restitution in the amount of $239,872.10.

(c) That the court award pre- and post-judgment interest.

(d) That the court award plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g).

(e) Any other relief as the Court deems appropriate under the circumstances.

**COMPLAINT SEEKING RECOVERY OF OVERPAYMENT – Page 4**

Respectfully submitted this 26th day of October, 2005.

                              **MUNSCH HARDT KOPF & HARR, P.C.**
                              4000 Fountain Place
                              1445 Ross Avenue
                              Dallas, Texas 75202-2790
                              (214) 855-7500 (telephone)
                              214) 855-7584 (telecopy)

                              By: _____
                              Grant H. Teegarden, #50511849

                              **ATTORNEYS FOR PLAINTIFF**

**ORIGINAL**

%JS 44 (Rev 11/04)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
The Verizon Employee Benefits Committee

### DEFENDANTS
Michael Frawley

**3-05CV-2105 K**

RECEIVED OCT 26 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(b) County of Residence of First Listed Plaintiff: Dallas County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Grant H. Teegarden, Munsch Hardt Kopf & Harr, P.C., 1445 Ross Avenue, Suite 4000, Dallas, Texas 75202; (214) 855-7500

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity).
Brief description of cause: ERISA section 502(a)(3), complaint seeking reimbursement of overpayment and constructive trust

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 10/26/2005
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____