UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL FRAWLEY,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No. 3-05-CV-2105-P<br>§   ECF<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S SECOND AMENDED COMPLAINT SEEKING RECOVERY OF OVERPAYMENT, CONSTRUCTIVE TRUST, AND INJUNCTIVE RELIEF**

Plaintiff The Verizon Employee Benefits Committee ("Verizon Committee" or "Plaintiff") brings this action to recoup overpayments of benefits from the Verizon Enterprises Management Pension Plan (the "Plan") made to Defendant Michael Frawley ("Mr. Frawley") as a result of an administrative error.

**PARTIES**

1.   The Verizon Committee is the "administrator" and "fiduciary" of the Plan, as those terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* ERISA §§ 3(16) & 3(21), 29 U.S.C. §§ 1002(16) & (21). The Plan is an ERISA-covered pension plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). As administrator and fiduciary of the Plan, the Verizon Committee has the discretionary authority to interpret the Plan, to exercise control over disbursements of assets in the Plan, and to perform various other tasks necessary to administer the Plan. The Verizon Committee has delegated the responsibility for the day-to-day administration of the Plan (including recoupment of overpayments) to the pension

administration department within the Verizon human resources department located in Coppell and Irving, Texas.

2. Mr. Frawley is a former participant in the Plan. He resides at 44 Port Street, Port Crane, New York 13833.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(a)(3) & (e)(1) and under 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this judicial district.

## FACTUAL BACKGROUND

5. Mr. Frawley is a former employee of Verizon Communications Inc. and/or one of its subsidiaries and/or predecessor corporations such as Bell Atlantic (collectively, "Verizon"). Mr. Frawley was hired by Verizon on or about April 14, 1969 and remained employed with Verizon until on or about March 10, 1985. On or about July 1, 2000 he resumed his employment with Verizon and remained employed by Verizon until on or about July 22, 2003. When Mr. Frawley's employment with Verizon ended, he received a lump sum pension distribution from the Plan in the amount of $563,982.19 in September 2003.

6. Thereafter, the Verizon Committee discovered that Mr. Frawley had been overpaid under the Plan due to an administrative error. Under the terms of the Plan, Mr. Frawley was entitled to receive a lump sum benefit of only $324,110.09 when he retired in 2003. As a result, due to the administrative error, Mr. Frawley received $239,872.10 more than he was entitled to receive under the terms of the Plan.

7. Mr. Frawley received the overpayment of pension benefits based on a benefit calculation that included his fifteen years of service with RH Donnelly as part of his "Pension

Accrual Service" under the Plan. From March 10, 1985 through June 30, 2000, Mr. Frawley was employed by RH Donnelly. Under the Plan, an employee's "Pension Accrual Service" is determined by subtracting from the employee's "Net Credited Service" any period of service during which the employee did not participate in the Plan or any former Bell Atlantic pension plan.[1] RH Donnelly was not a participating employer in any pension plan for Bell Atlantic. Consequently, during Mr. Frawley's period of service with RH Donnelly, he neither participated in nor accrued a benefit in any former Bell Atlantic pension plan. As a result, under the terms of the Plan, Mr. Frawley's service with RH Donnelly should have been excluded when his pension benefit was calculated.

8. The lump sum benefit that Mr. Frawley received from the Plan was rolled over into an Individual Retirement Account ("IRA") bearing Mr. Frawley's name with the last four digits of the IRA being 7162.[2] Charles Schwab is the custodian of Mr. Frawley's IRA. Charles Schwab oversees Mr. Frawley's account, subject to Mr. Frawley's control and direction regarding the investment, management, and distribution of the funds in his IRA.

9. After discovering the overpayment made to Mr. Frawley, on July 25, 2005, Bruce W. O'Neel, an employee in Verizon's pension department, wrote to Mr. Frawley on behalf of the Verizon Committee. In that letter, Mr. O'Neel explained the error that resulted in the overpayment of Mr. Frawley's benefits and requested that Mr. Frawley remit the overpayment to the Plan.

10. Mr. Frawley has not returned the overpaid pension funds to the Plan nor has he indicated that he will return the overpaid funds that are in his possession and control but belong in good conscience to the Plan.

---

[1] Verizon Enterprises Mgmt. Pension Plan ¶ 4A.3(b).
[2] The full account number for Mr. Frawley's IRA has been abbreviated in compliance with Rule 12 of Miscellaneous Order No. 61 of the United States District Court for the Northern District of Texas.

11. This action seeks to recover specifically identifiable funds paid by the Plan that can be traced to Mr. Frawley's IRA and that are in his possession and control but belong in good conscience to the Plan.

## COUNT I

12. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11 as though they were set forth herein.

13. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to enforce the terms of the Plan providing that an employee with the salary and service history of Mr. Frawley receive a lump sum benefit of $324,110.09, but nothing more, and to enforce the requirements of 29 U.S.C. § 1104. Plaintiff is entitled to impose a constructive trust on the overpayment of $239,872.10, which is in Mr. Frawley's possession and control and resides in a specifically identifiable IRA managed by Charles Schwab, and to receive equitable restitution in the same amount to recoup the assets that belong in good conscience to the Plan.

14. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

(a) That the Court enter a preliminary injunction prohibiting Mr. Frawley from dissipating, transferring, pledging, spending, transferring, disposing, or encumbering the overpayment of $239,872.10, which is in Mr. Frawley's possession and control and resides in a specifically identifiable IRA managed by Charles Schwab, except to transfer the overpayment to the Plan or its agent, until this case can be resolved on the merits. Failure to grant such relief would result in a substantial threat that Plaintiff will suffer irreparable harm;

(b) That the Court enter a judgment for Plaintiff on Count I, impose a constructive trust in the amount of $239,872.10 on the specifically identifiable funds in Mr. Frawley's IRA managed by Charles Schwab or, if the funds have been transferred out of the

IRA, to impose a constructive trust and/or equitable lien on the specifically identifiable accounts, funds, or real property where those funds may be traced, and grant Plaintiff the remedy of equitable restitution of the specifically identifiable funds in the amount of $239,872.10;

   (c) That the court award pre- and post-judgment interest;

   (d) That the court award plaintiff attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

   (e) Any other relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        */s/ Christopher L. Kurzner*
        Christopher L. Kurzner
        State Bar No. 11769100

        Godwin Pappas Langley Ronquillo, LLP
        Renaissance Tower
        1201 Elm Street, Suite 1700
        Dallas, Texas 75270
        Telephone: (214) 939-4493
        Facsimile: (214) 527-3193 FAX
        E-mail: ckurzner@godwinpappas.com

        **COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2007, a true and correct copy of the foregoing was served on the following by use of the Court's Notice of Electronic Filing as allowed by Miscellaneous Order No. 61:

Richard A. Smith
Lynn, Tillotson & Pinker, L.L.P.
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201

Maria E. Lisi-Murray, Pro Hac Vice
Levene Gouldin & Thompson, LLP
450 Plaza Drive
Vestal, New York 13985

ATTORNEYS FOR DEFENDANT

                                                */s/ Christopher L. Kurzner*
                                                Christopher L. Kurzner