IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:05-CV-2105-P |
| v. | § § | ECF |
| MICHAEL FRAWLEY, | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the motion of Defendant Michael Frawley for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), filed January 30, 2007 ("Mot."). Plaintiff filed a response to this motion on February 20, 2007 ("Resp."), and Defendant filed a reply to Plaintiff's response on March 5, 2007 ("Reply"). After review of the parties' pleadings and the applicable law, the Court hereby DENIES Defendant's motion.

**I.     Background**

The undisputed facts are taken from Plaintiff's Second Amended Complaint, filed February 5, 2007. Defendant Frawley retired from Verizon Communications, Inc. ("Verizon") in July 2003. (2d Am. Compl. ¶ 5.) In September 2003, Defendant received a lump-sum payment of $563,982.19 from the Verizon Enterprises Management Pension Plan ("Plan"), calculated on thirty-four years of continuous service. (*Id.* ¶¶ 5, 7.) In July 2005, Plaintiff advised Defendant that Plan administrators had made an error in calculating Defendant's retirement package, crediting fifteen years of service with a company that was not a member of

the Plan. Plaintiff claimed that the Plan overpaid Defendant in the amount of $239,872.10 based on this "administrative error" and asked for the return of the amount overpaid. (*Id.* ¶¶ 7, 9.) When Defendant refused, Plaintiff filed suit in October 2005. The suit, seeking relief under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") (codified at 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)")), claims that Plaintiff is entitled to impose a constructive trust on the alleged overpayment and to receive equitable restitution of the money. (*Id.* ¶¶ 11, 13.)

## II.    Legal Standard

A party moving for judgment on pleadings under Federal Rule of Civil Procedure 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as matter of law. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). This Court applies the same standard under Rule 12(c) as that used for a motion to dismiss for failure to state a claim under Rule 12(b)(6). See *Lee v. Am. Airlines, Inc.*, No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029, at *5-6 (N.D. Tex. July 2, 2002). In construing a motion to dismiss, the Court presumes all factual allegations in the complaint to be true and resolves any doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000). With these standards in mind, the Court now turns to the pleadings in this case.

**III.   Analysis**

At issue in the instant motion is whether Plaintiff's Complaint, filed more than two years after the alleged overpayment was made, is time-barred by the statute of limitations. Because ERISA does not provide a statute of limitations for claims under § 502(a)(3), this Court must apply the limitations period of the most analogous claim under forum state law. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985); *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992). The characterization of a federal claim for purposes of selecting the most analogous state statute of limitations is a question of federal law. *Wilson*, 471 U.S. at 269-70; *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 147 (1987). Defendant asks the Court to characterize Plaintiff's claim as an action for unjust enrichment and apply a two-year statute of limitations. (Mot. at 2.) Plaintiff asks that the Court consider its suit an action either for breach of contract, with a four-year limitations period, or for money had and received. (Resp. at 9, 20.) In the alternative, Plaintiff asks the Court to apply the federal discovery rule, which would have the effect of bringing this action, filed within four months of the time Plaintiff discovered its error, within a two-year limitations period. (*Id.* at 4-5.) For the reasons discussed below, this Court finds that Plaintiff's claim is most analogous to an action for money had and received, that a four-year limitations period applies to this claim, and the issue of application of the discovery rule is not ripe for determination at this point.

    **A.   Does Complaint Plead a Claim for Which Relief Can Be Granted?**

Plaintiff's Complaint was filed under ERISA § 502(a)(3) for recovery of money it claims was paid to Defendant as a result of an error in calculating Defendant's benefits; Plaintiff claims that this "administrative error" resulted in a violation of the terms of the Plan that it now seeks to

enforce. (2nd Amend. Compl. ¶¶ 5-7, 13.) The ERISA statute states that a plan fiduciary may bring a civil action to "obtain . . . appropriate equitable relief . . . to enforce . . . the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). Courts have interpreted this right of action narrowly, so that a plaintiff seeking restitution under this statute must show that it is seeking equitable and not legal relief. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-57 (1993) (limiting claims under ERISA to equitable relief such as injunction or restitution).

A plaintiff can show that it seeks equitable relief by meeting three criteria: (1) that the fiduciary seeks the restitution of specifically identified funds; (2) that the funds belong in good conscience to the plan; and (3) that the funds are within the defendant's possession and control. *Sereboff v. Mid-Atlantic Med. Servs., Inc.*, 126 S. Ct. 1869, 1876-78 (2006) (holding that action for restitution of specific funds in control of defendant was appropriate under ERISA § 502(a)(3)); *Great West Life & Annuity Ins. Co. v. Knudsen*, 534 U.S. 204, 214 (2002) (holding that funds must be in possession of defendant); *Coop. Benefit Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 332 (5th Cir. 2004) (citing *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 356 (5th Cir. 2003), listing elements of equitable cause of action under ERISA).

In this case, Plaintiff states that it is attempting to "enforce the terms of the plan" by seeking "equitable restitution" of funds in the amount of $324,110.09 in a specifically identified investment account in the defendant's possession and control, and that these funds "belong in good conscience to the Plan" and were paid to Defendant owing to Plaintiff's administrative error. (2d Amend. Compl. ¶¶ 6, 8, 11, 13.) Plaintiff thus meets all the elements for stating a valid cause of action under ERISA § 502(a)(3).

### B. Is Plaintiff's Claim Barred by Limitations?

ERISA § 502(a)(3) does not provide a statute of limitations for actions to enforce the terms of a plan. Therefore, to determine whether Plaintiff's claim is barred by limitations, this Court must determine the most analogous claim under state law and apply the limitations period of that claim. *Wilson*, 471 U.S. at 266-68; *Hogan*, 969 F.2d at 145. To determine which statute of limitations is applicable, Texas courts examine the substance of the pleadings rather than the form of the cause of action. The substance is ascertained through inquiry into the nature of the alleged harm and not by reference to the theories of recovery contained in the complaint. *Shannon v. Law-Yone*, 950 S.W.2d 429, 434 (Tex. App.–Fort Worth 1997, writ denied) (citing *Gallagher v. Bintliff*, 740 S.W.2d 118, 119 (Tex. App.–Austin 1987, no writ)).

#### 1. What Texas Claim Is Most Analogous to Plaintiff's Complaint?

Plaintiff asks the Court to characterize its claim as an action for breach of contract and apply the four-year statute of limitations under Texas law. (Resp. at 8-9.) However, almost all of the authority Plaintiff cites in support of its breach of contract designation describes actions brought by plan beneficiaries to enforce specific benefit terms spelled out in the contract, or by plan fiduciaries to enforce an explicit reimbursement term. (*See Id*. at 12-13 & n.10.) In this case, Plaintiff has not alleged a specific contract term providing for reimbursement of overpayments from the Plan, nor has Plaintiff alleged any action by the Defendant that constitutes a breach. Plaintiff admits that any overpayment was the result of its own "administrative error." (2d. Amend. Compl. ¶ 6.) In the absence of an explicit contract term, Plaintiff will have to prove its right to recover the alleged overpayment by showing the

provisions of the Plan related to the calculation of benefits, and then extrapolating the inference that any payment not in compliance with this formula "belongs in good conscience to the Plan." (Resp. at 10 & n.7.) Under these circumstances, a claim for breach of contract does not appear to be the most appropriate analogue to Plaintiff's claim under Texas law.

Defendant asks the Court to characterize Plaintiff's claim as an action for unjust enrichment with a two-year limitations period. (Mot. at 6-9.) Unjust enrichment is typically found under circumstances in which one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)**.** Recovery under unjust enrichment is also appropriate "when a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons." *City of Harker Heights v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 319 (Tex. App.–Austin 1992, no writ). Unjust enrichment also arises when a person fails to "make restitution of benefits either wrongfully or passively received *under circumstances that give rise to an implied or quasi-contractual obligation to repay.*" *Walker v. Cotter Props, Inc.*, 181 S.W.3d 895, 900 (Tex. App.–Dallas 2006, no pet. h.) (emphasis added). Examples include money advanced in anticipation of consideration that later failed. See *Oxford Finance Cos. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.–Austin 1991, writ denied). Plaintiff has never claimed anything other than a mistake on its own part – that is, Plaintiff has never pleaded any of the elements of an unjust enrichment claim. (Resp. at 16.)

However, in cases where a contract has been overpaid, Texas courts have allowed plaintiffs to recover the overpayment in a claim for money had and received. *See, e.g., Staats v. Miller,* 150 Tex. 581, 584, 243 S.W.2d 686, 687-88 (1951) (allowing an action for money had

and received to recover proceeds from defendant's sale of plaintiff's cotton harvester); *Bowers v. Mo., Kan. & Tex. Ry. Co.*, 241 S.W. 509, 510-11 (Tex. Civ. App.–Texarkana 1922, no writ) (allowing restitution for freight charges paid in excess of rates specified in contract). In addition, the Fifth Circuit has held that money paid because of a mistake of fact can be recovered, even if the payer was aware, at the time the payment was made, of facts that could have prevented the error. *See Gulf Oil Corp. v. Lone Star Producing Co.*, 322 F.2d 28, 31 (5th Cir. 1963) (holding that plaintiff could recover money mistakenly paid in excess of contract price).[1]

An action for money had and received arises when a party obtains money "which in equity and good conscience belongs to another." *Best Buy Co., Inc. v. Barrera*, 214 S.W.3d 66 (Tex. App.–Corpus Christi 2006, pet. filed); *J.C. Penney Co., Inc. v. Pitts*, 139 S.W.3d 455, 462 n.4 (Tex. App.–Corpus Christi 2004, no pet.) (citing *Staats*, 150 Tex. at 584, 243 S.W.2d at 687). Although an action for money had and received is "conceptually related" to unjust enrichment, they are fundamentally different causes of action. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.–El Paso 1997, no writ). Unlike unjust enrichment, an action for money had and received is not based on a claim of wrongdoing, but "looks only to the justice of the case." *Id.* Even if money or property is lawfully obtained, an action for money had and received is proper when the money or property is retained wrongfully. *Staats*, 150 Tex. at 584, 243 S.W.2d at 687. In an action for money had and received, all a plaintiff needs to show is that the defendant holds

---

[1] The plaintiff in *Gulf Oil* overpaid on a contract even though the correct price was clearly stated in the document. When they discovered the error, they notified the defendant of their own "improper accounting" and attempted to recover the amount overpaid. *Gulf Oil*, 322 F.2d at 31. In the lower court, Gulf Oil characterized its claim for reimbursement of the overpayment as a claim to enforce the terms of the contract. The court disagreed with this characterization and called it an action for money had and received, on the ground that, although the contract provided the setting that made the overpayment possible, the overpayment was not a product of the contract. *Lone Star Producing Co. v. Gulf Oil Corp.*, 208 F. Supp. 85, 92-93 (E.D. Tex. 1962) (*overruled on other grounds by Gulf Oil*, 322 F.2d 28).

money "that in equity and good conscience belongs to the plaintiff." *Everett v. TK-Taito, L.L.C.*,178 S.W.3d 844, 860 (Tex. App.–Fort Worth 2005, no pet.).

Plaintiff's claim bears all the hallmarks of an action under Texas law for money had and received. Plaintiff claims that Defendant has $239,872.10 that was overpaid to Defendant by Plaintiff (2d. Amend. Compl. ¶ 6); that Defendant obtained the money lawfully, albeit by mistake (2d Amend. Compl. ¶¶ 5-7) ; Plaintiff seeks restitution of money that "in good conscience belongs to another" – that is, to the Plan (*Id.* ¶ 10).[2]

### 2. What Statute of Limitations Applies to Plaintiff's Claim?

Texas courts are split over the limitations period applicable to an action for money had and received. Some courts hold that "[a]n action for money had and received, being in the nature of an action for conversion, is subject to a two-year statute of limitations." *Tanglewood Terrace, Ltd. v. City of Texarkana*, 996 S.W.2d 330, 342 (Tex. App.–Texarkana 1999, no pet.); *see also Autry v. Dearman*, 933 S.W.2d 182, 187 (Tex. App.–Houston [14th Dist.] 1996, writ denied) (holding that conversion applies when money is identifiable and an obligation exists to return the specific money in question).

Other courts have noted that claims based on money had and received have historically been considered as claims for debt. *See Friberg-Cooper Water Supply Corp. v. Elledge*, 197

---

[2]Defendant asserts that the Fifth Circuit has held that a claim to recover allegedly overpaid ERISA benefits is a claim for unjust enrichment citing *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer,* 354 F.3d 348, 360 (5th Cir. 2003) and other cases. However, none of those cases so hold. In *Bombardier*, the court stated, "Accordingly, even if we assume *arguendo* that unjust enrichment is a prerequisite, the Plan has produced sufficient evidence that the defendants would be unjustly enriched, entitling the Plan to have a constructive trust imposed on the disputed settlement funds." *Id.* In *Southwestern Electric Power Co. v. Burlington Northern RR Co.,* the Texas Supreme Court stated, "[Plaintiff] is correct that in some circumstances, overpayments under a valid contract may give rise to a claim for unjust enrichment." *Id.* at 469. However, neither case held that a claim for overpayment of benefits under an ERISA plan can only be brought as a claim for unjust enrichment, as such an issue was not before either court. As noted above, a claim for money had and received is related to a claim for unjust enrichment.

S.W.3d 826, 828-33 (Tex. App.–Fort Worth 2006, pet. filed); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164-65 (Tex. App.–El Paso 1997, no writ) (citations omitted) (reciting history of money claims under Texas law). Prior to 1979, a four-year statute of limitations applied to debts founded on a written contract, while a two-year statute governed debts not evidenced by a writing. *Friberg*, 197 S.W.3d at 828. Claims for money had and received were considered debts not acknowledged by a writing. *Id.* In 1979, the limitations statutes were consolidated, so that all actions for debt are now governed by a four-year statute. *Id.* at 829; Tex. Civ. Prac. & Rem Code § 16.004 (Vernon 2002). Several Texas courts have held that actions for money had and received fall under the four-year statute for debt. *Friberg*, 197 S.W.3d at 832; *Amoco*, 946 S.W.2d at 164-65; see also *Stone v. First City Bank of Plano, N.A.*, 794 S.W.2d 537, 542-43 (Tex. App.–Dallas 1990, writ denied) (applying four-year statute in action for money had and received); *Vickory v. Summit Nat'l Bank*, 702 S.W.2d 324, 325 (Tex. App.–Fort Worth 1986, writ ref'd n.r.e.) (holding that action for return of money erroneously paid by bank to depositor fell under four-year statute for debt).

In determining the applicable statute of limitations, the court considers the actual injury pleaded. *Shannon v. Law-Yone*, 950 S.W.2d at 434. In this case, Plaintiff asserts that Defendant received the alleged overpayment because of an error by the Plaintiff and does not allege wrongdoing on the part of Defendant. (2d Amend. Compl. ¶¶ 6-7.) Because conversion is essentially a tort action that assumes wrongdoing on the part of the actor, while an action for money had and received does not assume wrongdoing, this Court believes that unacknowledged debt is the more appropriate description of Plaintiff's claim, and that the appropriate limitations period for this action is four years. Tex. Civ. Prac. & Rem. Code § 16.004.

### C.  Does the Discovery Rule Apply?

Alternatively, if a two year statute of limitations applies, the court would deny the motion. The issue of when a plaintiff should have discovered a claim is factually driven. At this point, the court is unwilling to make such a determination solely from the pleadings, nor is there sufficient evidence before it to make such a determination.

### IV.  Conclusion

Because Plaintiff's claim most closely falls under an action for money had and received, the four-year Texas statute of limitations applies, and Plaintiff's Complaint was filed within the limitations period. Alternatively, the issue of when Plaintiff should have discovered its claim is not ripe for determination at this point. Therefore, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Signed this 12th day of July 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE